IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 76-CR-00013-SMY |
| | ) |
| HENRY LEE FLEMING, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the court for consideration of Defendant Henry Lee Fleming's *pro se* Motion to Request Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (Doc. 2), along with letters of support on his behalf (Doc. 3). The Government objected, asserting that the First Step Act does not apply to defendants like Fleming whose crimes predate November 1, 1987 (Doc. 5). For the following reasons, the Motion is **DENIED**.

## Background

In the 1970s, Henry Fleming was convicted of assaulting the employees of a bank during the course of a bank robbery in violation of 18 U.S.C. § 2113(d), killing a person while avoiding and attempting to avoid apprehension from the robbery in violation of 18 U.S.C. § 2113(e), conspiracy to rob a bank in violation of 18 U.S.C. § 371, and commission of that offense in violation of 18 U.S.C. § 2113(a). *United States v. Fleming*, 594 F.2d 598, 599 (7th Cir. 1979). He was sentenced to 25 years for robbery, 200 years for murder, and 5 years for conspiracy, all to run consecutively. *Id.* at 600. According to the Bureau of Prisons inmate locator, Fleming is 75 years old and is serving his sentence at USP Florence with a projected release date of December 5, 2146.

Seeking compassionate release, Fleming asserts that he is now over 70 years old,

nonviolent, remorseful for his crimes, and in worsening health, and that if released, he would move near his adult daughter, who submitted a letter of support on his behalf.

### Discussion

Defendants cannot file a motion for compassionate release on their own behalf if they were convicted for criminal conduct that occurred prior to November 1, 1987, because for such defendants, compassionate release requests were governed by 18 U.S.C. § 4205(g), under which such motions could be filed only by the Bureau of Prisons. *United States v. Stewart,* 865 F.2d 115, 117-118 (7th Cir. 1988) ("Congress never intended . . . for the [Sentencing Reform Act] to apply to offenses committed prior to November 1, 1987"); *United States v. Jackson*, 991 F.3d 851, 852-853 (7th Cir. 2021). More specifically, under the system that existed prior to 1987 and still applies to defendants whose crimes predate that time, the "Parole Commission could release prisoners who faced medical problems and were eligible for parole. And a judge could reduce [a term of imprisonment] . . . but only on motion of the Director of the Bureau of Prisons." *Id.* Thus, because Fleming's convictions are from the 1970s, he cannot file his own motion for compassionate release.

Accordingly, Fleming's Motion to Request Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (Doc. 2), is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 15, 2023

**STACI M. YANDLE**
**United States District Judge**